UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Richard Kent**, | Case No. |
| Plaintiff, | Hon. |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **McMorran Place** and **Port Huron Parks and Recreation**, | |
| Defendants. | |

## COMPLAINT

Plaintiff Richard Kent, by and through his attorney, Elizabeth K. Abdnour, complains of Defendants McMorran Place and Port Huron Parks and Recreation and alleges as follows:

## INTRODUCTION

1. Plaintiff, Richard Kent, an individual with a physical disability, brings the instant action alleging that Defendants McMorran Place and Port Huron Parks and Recreation have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants discriminated against him based on his disability-related use of a service dog at his son's high school

1

graduation at McMorran Place; failed and/or refused to modify their policies, practices, and procedures to comply with the law; and failed and/or refused to train their employees as necessary to avoid discrimination against disabled persons.

3. As a result of Defendants' discriminatory acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, facilities, programs, services and activities offered at McMorran Place, which is owned and operated by Port Huron Parks and Recreation, independently and in a manner equal to individuals without disabilities.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him, and similarly situated persons, "full and equal" access to Defendants' public facilities as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

## PARTIES

5. Plaintiff Richard Kent is, and at all times relevant herein was, a Michigan resident with a physical disability.

6. Defendant McMorran Place is, and at all times relevant to herein was, an event center located at 701 McMorran Blvd., Port Huron, Michigan 48060.

**7.** Defendant Port Huron Parks and Recreation (hereinafter, "Parks and Recreation") is, and at all times relevant to herein was, the owner and operator of the McMorran Place.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act ("ADA").

9. Pursuant to pendent jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.*

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Defendants reside in and do business in this district and the events and/or omissions giving rise to Plaintiff's claim occurred in this district.

## FACTUAL ALLEGATIONS

### *Plaintiff's Disability and Service Animal*

11. Plaintiff is legally blind.

12. Plaintiff is only able to see light and darkness.

13. Plaintiff can see only very minimal contrast, where there is black on white. However, for example, if there is something white on a black table, Plaintiff cannot tell what is on it.

14. Plaintiff's physical impairment significantly limits him in activities of daily living, including mobility.

15. Plaintiff requires the use of a service dog, EASY, for mobility assistance, to guide Plaintiff around.

3

16.   Plaintiff's service dog is trained as a working guide dog.

17.   Plaintiff's service dog, EASY, graduated from guide dog training on March 5, 2015, at Leader Dogs for the Blind in Rochester Hills, Michigan.

18.   Plaintiff has used his service dog, EASY, since 2015.

***Plaintiff's June 5, 2019, Experience at the McMorran Place***

19.   On June 5, 2019, Plaintiff went to the McMorran Place with his wife, daughter, and son to attend his son's graduation from Northern High School in Port Huron, Michigan.

20.   Plaintiff's son had talked to the high school counselor, Mrs. Duman, about bringing his service dog to the graduation prior to the event.

21.   Mrs. Duman assured Plaintiff that there would be no problem and that his service dog would be welcome at the event.

22.   Plaintiff and his wife approached the entrance to the McMorran Place and the Port Huron Public Schools (PHPS) Superintendent, Jamie Cane, opened the door for them.

23.   Subsequently, a female McMorran Place employee (Doe 1) approached Plaintiff.

24.   Doe 1 informed Plaintiff that dogs were not allowed in the building without showing paperwork.

25.   Mr. Cane, the PHPS Superintendent, was present during this exchange but did not say anything or otherwise intervene.

4

26. Plaintiff stated he was going into the McMorran Place anyway and he and his wife proceeded towards where the graduation ceremony would be taking place.

27. Doe 1 followed him.

28. Doe 1 then called for a manager of the McMorran Place (Doe 2).

29. Doe 2 came down and told Plaintiff he could not be there with his dog unless he had certifications or paperwork.

30. Plaintiff asked Doe 2 if she had a copy of the ADA law.

31. Doe 2 responded she did in her office and Plaintiff told her to go look at it.

32. Doe 2 refused and repetitively told Plaintiff "You gotta leave, you gotta leave."

33. Plaintiff requested assistance from a security guard (Doe 3).

34. Doe 3 failed to provide Plaintiff any assistance.

35. Does 1-3 repeated to Plaintiff that he had to leave.

36. At this time, Plaintiff had missed half his son's graduation ceremony, an event and time which Plaintiff can never recover and participate in.

37. Plaintiff's wife saw a woman two rows behind where she and Plaintiff had been sitting with a small dog in her handbag with a handkerchief around its neck.

38. Plaintiff's service dog, EASY, was in full uniform, which included Leader Dog leash and harness and Leader Dog tags.

39. A police officer was present at the McMorran Place and Plaintiff asked if she could please write the incident down and make a report to ensure it was documented.

40. The police officer told Plaintiff that the police only take reports regarding criminal matters and refused to take a report.

41. Plaintiff was escorted out of the McMorran Place by Does 1-3.

42. On the way out, Plaintiff passed Mr. Cane, the PHPS Superintendent, and asked if he heard the exchange.

43. Mr. Cane stated he did not want to get involved because he didn't know what the McMorran Center's rules were.

44. After escorting Plaintiff out, Does 1-3 dispersed.

45. Plaintiff then went back in, hoping to watch at least some of the ceremony and see his son walk across the stage.

46. Plaintiff was only able to see the last 15 minutes of the ceremony.

47. Plaintiff completely missed watching his son walk across the stage and accept his high school diploma, a once-in-a-lifetime event.

48. The following day, June 6, 2019, Plaintiff received a call from Nancy Winzer, the Director of Port Huron Parks and Recreation, which oversees the McMorran Place.

49. Winzer called Plaintiff to apologize for his experience at the McMorran Place the previous day.

50. Winzer stated she knew the director of the McMorran Place and would be talking to them.

51. Plaintiff told Winzer he understood the apology, but his son only graduates once, and that moment was now over.

52. Winzer also informed Plaintiff that they were going to be doing some training in the fall.

53. Plaintiff never received any follow up from Winzer and has not spoken with her since the June 6, 2019, call.

54. Mrs. Duman, the Northern High School school counselor, called Plaintiff a few days after the graduation ceremony to apologize.

55. Mrs. Duman stated the school was sorry for what had happened and that it wasn't their facility.

### A. *Injury*

56. As a direct and proximate result of Defendants' acts and omissions, Plaintiff experienced difficulty, physical and emotional distress, embarrassment, frustration, and anxiety.

57. As a direct and proximate result of Defendants' acts and omissions, Plaintiff was forced to miss his son's high school graduation ceremony, an event that only happens once in a lifetime and that all parents eagerly plan for and look forward to celebrating with their children.

## COUNT I
### Violation of Title II of the
### Americans with Disabilities Act
### 42 U.S.C. § 12131 *et seq.*
### (Defendant Port Huron Parks and Recreation)

58.  Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

59.  Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

60.  Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

61.  Port Huron Parks and Recreation is, and at all times relevant herein was, a public entity within the meaning of the ADA. 42 U.S.C. § 12131(1).

62.  Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential eligibility requirements for availing himself of attending events at the McMorran Place, such as the Northern High School – Port Huron Graduation Ceremony.

63.  In acting as herein alleged, Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title II and its implementing regulations. The Defendant's discriminatory conduct includes, *inter alia*:

    a.    Failing to operate the McMorran Place so that it is "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

    b.    Denying Plaintiff the opportunity to participate in or benefit from the McMorran Place's services, programs, or activities on the basis of his disability (28 C.F.R. § 35.130(b)(1)(i));

    c.    Affording Plaintiff an opportunity to participate in or benefit from the McMorran Place's services, programs, or activities that is equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

    d.    Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by the McMorran Place (28 C.F.R. § 35.130(b)(1)(vii));

    e.    Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i));

    f.    Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7));

    g.    Failing to modify its policies, practices, or procedures to permit Plaintiff the use of his service animal (28 C.F.R. § 35.136(a)); and

  h. Denying Plaintiff his right to be accompanied by his service animal in all areas of the McMorran Place where members of the public or participants in services, programs, or activities are allowed to go (28 C.F.R. § 35.136(g)).

64. The Defendants' duties under Title II of the ADA are mandatory and long-established.

65. The Defendants have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

66. The Defendants were provided actual notice of its discriminatory policies regarding service dogs; the impact those policies have had on Plaintiff; and its duty to modify such policies.

67. Despite this knowledge, the Defendants failed and refused to take any steps to modify the policies or otherwise address Plaintiff's concerns.

68. The Defendants' failures in this regard constitute deliberate indifference.

69. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained deprivation of the right to equal access to a public facility, severe emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, inconvenience, and was forced to miss his son's high school graduation ceremony.

70. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment

as set forth below.

## COUNT II
### Violation of Title III of the
### Americans with Disabilities Act
### 42 U.S.C. § 12101 *et seq.*
### (Defendant McMorran Place)

71. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

72. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

73. Among the "private entities" which are considered "public accommodations" for purposes of this title includes an auditorium, convention center, lecture hall, or other place of public gathering. 42 U.S.C. § 12181(7)(D).

74. McMorran Place is a convention center or other place of public gathering, and therefore a place of "public accommodation" under Title III of the ADA.

75. In acting as herein alleged, Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendants' discriminatory conduct includes, *inter alia*:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities,

privileges, advantages, accommodations, and/or opportunities, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i); and

   b. Failing "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations," and specifically, failing "to modify their policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(c).

76. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained deprivation of the right to equal access to a public facility, severe emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, inconvenience, and was forced to miss his son's high school graduation ceremony.

77. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## COUNT III
### Violation of Michigan's
### Persons with Disabilities Civil Rights Act
### M.C.L. § 37.1101 *et seq.*
### (All Defendants)

78. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

79. The McMorran Place is an entertainment facility, and as such is a "Place of Public Accommodation" as defined in the Persons with Disabilities Civil Rights Act (PDCRA). MCL 37.1301(a).

80. PDCRA prohibits discrimination in entertainment facilities and other places of public accommodation because of a disability. MCL 37.1302.

81. PDCRA prohibits places of public accommodation from denying an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations because of a disability. MCL 37.1302(a).

82. Defendants' failure to accommodate Plaintiff and failure to provide Plaintiff with a full and equal enjoyment of its facility and services constitute discrimination under PDCRA.

83. Defendants denied Plaintiff access to the McMorran Place, a place of public accommodation, on the basis of his disability in violation of PDCRA.

84. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained deprivation of the right to equal access to a public facility, severe emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, inconvenience, and was forced to miss his son's high school

graduation ceremony.

85. Pursuant to the remedies, procedures, and rights set forth in M.C.L. § 37.1101 *et seq.*, Plaintiff prays for judgment as set forth below.

## COUNT IV
### Negligence
### (All Defendants)

86. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

87. Defendants owed Plaintiff a duty to operate the McMorran Place in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty.

88. Defendants negligently violated their duty to Plaintiff by engaging in discrimination based on Plaintiff's disability and need for a service dog. Defendants' violation of that duty was the result of negligence, including but not limited to:

    a. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal anti-discrimination laws;

    b. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal anti-discrimination laws;

    c. Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal anti-discrimination laws;

  d. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal anti-discrimination; and

  e. Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

89. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained deprivation of the right to equal access to a public facility, severe emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, inconvenience, and was forced to miss his son's high school graduation ceremony.

90. Wherefore, Plaintiff prays for relief as set forth below.

## COUNT V
### Intentional Infliction of Emotional Distress
### (All Defendants)

91. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

92. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained deprivation of the right to equal access to a public facility, severe emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, inconvenience, and was forced to miss his son's high school graduation ceremony.

93. Wherefore, Plaintiff prays for relief as set forth below.

94. Defendants engaged in extreme and outrageous conduct by denying Plaintiff his right to bring his service animal to his son's graduation and removing him from his son's graduation.

95. Defendants' conduct was done with intent and/or recklessness.

96. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained deprivation of the right to equal access to a public facility, severe emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, inconvenience, and was forced to miss his son's high school graduation ceremony.

97. Wherefore, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and PDCRA:

    a. Ordering Defendants to develop and adopt general non-discrimination, disability accommodation, and service animal policies;

    b. Ordering Defendants to modify their policies and practices to avoid discrimination against individuals with disabilities based on the disability-related use of a service animal; and

    c. Ordering Defendants to train their staff and management regarding the rights of individuals with disabilities who use service animals.

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff punitive damages according to proofs;

4. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

5. Award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

NOW COMES Plaintiff Richard Kent, by and through his attorney, Elizabeth K. Abdnour, and hereby demands a trial by jury of all the issues in this case.

DATED: May 31, 2022                     Respectfully submitted,

*s/Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Suite 4A-2
Lansing, MI 48915
(517) 292-0067 phone
(517) 709-7700 fax
elizabeth@abdnour.com